JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
VASYLIY KRYLYUK

**DEFENDANTS**
PRAXIS FINANCIAL SOLUTIONS, INC., DOES 1 THROUGH 10 ⊞

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Lincolnwood, IL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A" Huntingdon Valley, PA 19006 (215) 364-5030

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1692 et seq.
Brief description of cause:
FDCPA Claim

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
10/20/14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A" Huntingdon Valley, PA 19006

Address of Defendant: 7301 N. Lincoln Ave, Suite 220, Lincolnwood, IL 60712-1733

Place of Accident, Incident or Transaction: Philadelphia County
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒
*RELATED CASE, IF ANY*:

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
          Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
          Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
          Yes☐  No☐

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692 et. seq.

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Eric Rayz, Esq. , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 10/20/14          _____          87976
                        Attorney-at-Law                    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/20/14          _____          87976
                        Attorney-at-Law                    Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

KRYLYUK                                        :          CIVIL ACTION
                                               :
                    v.                         :
                                               :
PRAXIS FINANCIAL SOLUTIONS, INC., et al.       :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )


_____10/20/14_____          _____          _____Plaintiff_____
**Date**                      **Attorney-at-law**          **Attorney for**

_(215) 364-5030_              _(215) 364-5029_             _erayz@kalraylaw.com_

**Telephone**                 **FAX Number**               **E-Mail Address**


(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VASYL KRYLYUK individually, and on behalf of all others similarly situated | **Class Action Complaint** |
| PLAINTIFF(S) | |
| v. | Civil Action No. |
| PRAXIS FINANCIAL SOLUTIONS, INC.; and DOES 1 through 10, inclusive, | Jury Trial Demanded |
| DEFENDANT(S) | |

Plaintiff Vasyliy Krylyuk ("Plaintiff") on behalf of himself individually, and on behalf of all others similarly situated, alleges as follows:

## I.      INTRODUCTION

1.      This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 et seq.

2.      In effectuating the FDCPA, Congress sought to limit the tactics a debt collector could use.  Despite these plain truths, Defendant (defined herein) used inappropriate tactics to collect Plaintiff's debt.

3.      Upon information and belief, Defendant used these very same tactics across the country against hundreds, if not thousands, of individuals who, fall within the ambit of the protections of the FDCPA.

4.      Absent this action, Defendant's inappropriate tactics would continue unabated.

## II.      THE PARTIES

5.      Plaintiff is an adult individual citizen of the Commonwealth of Pennsylvania.

1

Plaintiff resides in Philadelphia County.

6.     Plaintiff is a "consumer," as that term is defined and/or contemplated within the scope of FDCPA.

7.     Defendant PRAXIS FINANCIAL SOLUTIONS, INC. (hereinafter "Defendant" or "Praxis") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and is engaged in the business of debt collection within the Commonwealth of Pennsylvania.

8.     Indeed, on its own website, http://www.praxis-financial.com/, Defendant describes itself as a national debt recovery servicer of non-performing consumer and commercial receivables." See http://www.praxis-financial.com/company-profile/, last visited on October 17, 2014.

9.     Moreover, when registering to conduct business in various jurisdictions, Defendant identifies the purpose of its business as "Debt Collection." A true and correct copy of the Application by Foreign Corporation for Authorization to Transact Business in Florida, filed by Defendant, is marked and attached hereto as Exhibit "A."

10.     Upon information and belief, Defendant is organized under the laws of the State of Illinois and maintains its principal place of business address at 7301 N. Lincoln Ave, Suite 220, Lincolnwood, IL 60712-1733.

11.     Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff.  Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in

engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

12.     Unless otherwise specified, Plaintiff will refer to all defendants collectively as "Defendant" and each allegation pertains to each Defendant.

13.     Defendant is a "debt collector," as that term is defined and/or contemplated within the scope of FDCPA, and operates its debt collection enterprise from the same address.

14.     Defendant uses instrumentalities of interstate commerce and mail in a business, whose principal purpose is collection of debts and/or regularly collects (or attempts to collect), directly or indirectly, debts owed or due or asserted to be owed or due another.

15.     At all times material hereto, Defendant acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendant.

### III.     JURISDICTION AND VENUE

16.     This Honorable Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

17.     The Eastern District of Pennsylvania is the proper venue for this litigation, because:

> a.     Plaintiff is a resident of the Eastern District of Pennsylvania and Defendant's wrongful conduct was directed to and was undertaken within the territory of the Eastern District of Pennsylvania; and
>
> b.     Defendant conducts a substantial portion of its business in the Eastern District of Pennsylvania.

3

## IV.   STATEMENT OF CLAIMS

### A.   BACKGROUND

18.   At the end of July of 2014, Defendant sent Plaintiff a letter, dated July 29, 2014, regarding Plaintiff's alleged debt of $1,663.20.  A true and correct copy of the letter is marked and attached hereto as Exhibit "B."

19.   The letter is a pre-printed form, designated by the sequence "1871983-13" that appears directly above Plaintiff's name in the top third of the document.  Exhibit "B."

20.   The letter was sent in a "glassine window" envelope and the sequence "1871983-13" was clearly visible through this window.  Exhibit "B."

21.   Upon information and belief, the sequence "1871983-13" is the account number Defendant assigned to Plaintiff, and which is used to identify Plaintiff in connection with Defendant's collection efforts.  Exhibit "B."

22.   The letter identifies "RAZOR CAPITAL II, LLC" as the "Creditor.  Exhibit "B."

23.   The letter also identifies "Credit One Bank, N.A./" as the "Original Creditor" and discloses that the original account number of the alleged obligation is "4447962143768137." Exhibit "B."

24.   Notably, the letter contained the following text:

If you are not disputing the validity of the debt, we have been authorized to offer you an opportunity to liquidate your indebtedness on your Credit One Bank, N.A./ account.

You actually owe: $1,663.20
Settlement amount: $665.28
Settlement Due: 09/19/2014

The settlement amount must be made in one payment and received in our office on or before 09/19/2014. Please note, we are not obligated to renew this offer. Upon receipt of the settlement amount, our client will notify the appropriate credit agencies that this account has been SETTLED IN FULL. Your acceptance of the offer(s) described above this letter prior to the expiration of the 30-day period for dispute will not extinguish your right to dispute all or part of the original debt.

25.   As Plaintiff has no business or commercial debts, the debt at issue could only have been personal in nature.

26.   Exhibit "B" falsely characterizes the offer contained in Exhibit "B" as time

4

sensitive in nature by providing that it is only authorized and contingent upon receipt of the settlement amount by September 19, 2014.

27.     Indeed, Exhibit "B" created a false sense of urgency that the offer is only authorized and contingent upon receipt of payment by September 19, 2014.

28.     Upon information and belief, the deadline for payment did not exist and was, in fact, entirely fictitious.

29.     Upon information and belief, Defendant had the authority to settle consumers' accounts for the amount stated, or less, at any time regardless of the purported deadline and/or requirements and/or time sensitive language on the letter.

30.     Indeed, upon information and belief, Defendant had the authority to settle Plaintiff's account even if Plaintiff had remitted payment after September 19, 2014.

31.     Upon information and belief, the offer described in the letter of July 19, 2014, is contained in similar letters remitted to consumers throughout the United States and, specifically, the Commonwealth of Pennsylvania.

32.     Statements falsely implying that the offer expires on such a date, or that payments must be received by a date certain are inherently false and misleading when the same offer is available at any time and/or where the articulated deadlines or requirements are non-existent. See, e.g., DeGeorge v. Financial Recovery Services, Inc., 2012 WL 4473229 (E.D.Pa. 2012).

33.     Moreover, the use of the term "settlement amount" falsely implies that legal proceedings are imminent.

34.     Furthermore, Defendant disclosed Plaintiff's account number on the face of the envelopes Defendant used for letters sent to Plaintiff.

35.     Section 1692e of the FDCPA prohibits the use of any false, deceptive, and

misleading representations or means in connection with the collection of a debt, 15 U.S.C. § 1692e.

36.     Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.

37.     Section 1692(f)(8) specifically prohibits "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer."

38.     The disclosure of Plaintiff's account number on the face of the envelope violated Section 1692(f)(8).  See Douglass, et al. v. Convergent Outsourcing, ___ F.3d ___, 2014 WL 4235570 (3rd Cir., August 28, 2014).

39.     As described herein, Defendant's actions violated the applicable provisions of the FDCPA.

40.     Defendant's conduct, as alleged herein, is (and was) deliberate, intentional, reckless, willful, and wanton.

41.     Defendant's conduct, as alleged herein, is unfair, misleading, deceptive, and unconscionable.

42.     Plaintiff and the Classes he seeks to represent have been (and will continue to be) harmed due to Defendant's conduct, as set forth herein.

43.     Plaintiff and the Classes he seeks to represent have suffered and will continue to suffer damages due to Defendants' conduct, as set forth herein.

## **CLASS ACTION ALLEGATIONS**

44.     Plaintiff brings this action on behalf of himself and two classes of similarly-situated individuals pursuant to Fed.R.Civ.P. 23.

45.     Plaintiff brings this action as a nationwide class action for Defendant's violations

of the FDCPA on behalf of the following class of individuals: all natural persons in the United States, who were sent a letter from Defendants, offering a discounted debt settlement, so long as the payments must be received by a date certain, during the statutory period covered by this Complaint (the "FDCPA Class").

46.     Plaintiff also brings this action as a nationwide class action for Defendant's violations of the FDCPA on behalf of the following class of individuals: all natural persons in the United States, who were sent a letter from Defendant with an account number visible on the face of the envelope, during the statutory period covered by this Complaint (the "FDCPA Account Class").

47.     The number of individuals in the FDCPA Classand the FDCPA Account Class (hereinafter, collectively, "Classes") is so numerous that joinder of all members is impracticable. The exact number of members of in the Classes can be determined by reviewing Defendant's records.  Plaintiff is informed and believes and thereon alleges that there are over a hundred individuals in each of the defined Classes.

48.     Plaintiff will fairly and adequately protect the interests of the Classes, and has retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Classes.

49.     A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

50.     A class action is, therefore, superior to other available methods for the fair and

7

efficient adjudication of the controversy.  Further, absent these actions, members of the Classes likely will not obtain redress of their injuries, and Defendant will retain the proceeds of their violations of the FDCPA.  In addition, Defendant is likely to continue to violate this statute.

51.   Furthermore, even if any member of the Classes could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

52.   There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole.  The questions of law and fact common to the Classes predominate over any questions affecting solely individual members of the action.  Among the common questions of law and fact are:

a.   Whether the offer at issue was, in fact, time-sensitive in nature;

b.   Whether the settlement offer at issue, in fact, was contingent upon receipt of payment by a date certain;

c.   Whether Defendant disclosed debtor's account numbers on the face of the mailing envelope;

d.   Whether Defendant violated 15 U.S.C. § 1692e;

e.   Whether Defendant violated 15 U.S.C. § 1692f; and

f.   Whether Plaintiff and the members of the Classes have sustained damages and, if so, the proper measure of damages.

53.   Plaintiff's claims are typical of the claims of members of the Classes.  Plaintiff and members of the Classes have sustained damages arising out the same wrongful and uniform practices of Defendant.

54. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## COUNT I
## FDCPA

55. Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

56. Defendant is a "debt collector" as that term is defined under the FDCPA.

57. As described herein, the actions of the Defendant violates the applicable provisions of the FDCPA.

58. Defendant's violations with respect to its collection efforts, include but are not limited to, the following:

    a. Using false, deceptive and misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

    b. Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f; and

    c. Using language or symbols, other than the debt collector's address, on envelopes when communicating with a consumer, in violation of 15 U.S.C. § 1692f(8).

59. As result of Defendant's violations of the FDCPA, Plaintiff and the members of the FDCPA Class have suffered damages in an amount to be determined at trial.

## V.  CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

    (a) A Declaration that Defendant has violated the applicable provisions of the FDCPA;

       (b)     An Order designating this action as a class action pursuant to Fed.R.Civ.P. 23;

       (c)     An Order appointing Plaintiff and his counsel to represent the Classes;

       (d)     An Order enjoining Defendant from any further violations of the FDCPA;

       (e)     Actual damages;

       (f)     Statutory damages;

       (g)     Attorneys' fees and costs; and

       (h)     Such other relief as the Honorable Court shall deem just and appropriate.

## VI.    **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

**(SIGNATURES ON THE NEXT PAGE)**

Date: October 20, 2014

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

_____
Arkady "Eric" Rayz
Demetri A. Braynin
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone:  (215) 364-5030
Facsimile:  (215) 364-5029
E-mail: erayz@kalraylaw.com
E-mail: dbraynin@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 308
King of Prussia, PA 19406
Telephone:  (610) 822-3700
Facsimile:  (610) 822-3800
Email: gwells@cwg-law.com
Email: rgray@cwg-law.com

Counsel for Plaintiff and the Proposed Classes

# EXHIBIT "A"

# F0700000 1940

_____
(Requestor's Name)

_____
(Address)

_____
(Address)

_____
(City/State/Zip/Phone #)

☐ PICK-UP     ☐ WAIT     ☐ MAIL

_____
(Business Entity Name)

_____
(Document Number)

Certified Copies _____ .  Certificates of Status _____

Special Instructions to Filing Officer:

Office Use Only



500096254305

04/10/07--01036--006   **78.75

FILED
07 APR 10 PM 2: 29
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

4/11/07

# COVER LETTER

**FILED**

**07 APR 10 PM 2: 29**

SECRETARY OF STATE
TALLAHASSEE, FLORIDA

**TO:**   New Filing Section
       Division of Corporations

**SUBJECT:**   Praxis Financial Solutions, Incorporated

(Name of corporation - must include suffix)

Dear Sir or Madam:

The enclosed "Application by Foreign Corporation for Authorization to Transact Business in Florida," "Certificate of Existence," and check are submitted to register the above referenced foreign corporation to transact business in Florida.

Please return all correspondence concerning this matter to the following:

Mike Awdish

(Name of Person)

Praxis Financial Solutions, Incorporated

(Firm/Company)

8700 Waukegan Road, Suite 104

(Address)

Morton Grove, IL 60053

(City/State and Zip code)

For further information concerning this matter, please call:

Mike Awdish                          at ( 847 )   470-7100

(Name of Person)                    (Area Code & Daytime Telephone Number)

**STREET/COURIER ADDRESS:**         **MAILING ADDRESS:**
New Filing Section                    New Filing Section
Division of Corporations              Division of Corporations
Clifton Building                      P.O. Box 6327
2661 Executive Center Circle          Tallahassee, FL  32314
Tallahassee, FL  32301

Enclosed is a check for the following amount:

☐ $70.00 Filing Fee    ☐ $78.75 Filing Fee &    ☒ $78.75 Filing Fee &    ☐ $87.50 Filing Fee,
                          Certificate of Status       Certified Copy           Certificate of Status &
                                                                               Certified Copy

## APPLICATION BY FOREIGN CORPORATION FOR AUTHORIZATION TO TRANSACT BUSINESS IN FLORIDA

*IN COMPLIANCE WITH SECTION 607.1503, FLORIDA STATUTES, THE FOLLOWING IS SUBMITTED TO REGISTER A FOREIGN CORPORATION TO TRANSACT BUSINESS IN THE STATE OF FLORIDA.*

1.   Praxis Financial Solutions, Incorporated

(Enter name of corporation; must include "INCORPORATED," "COMPANY," "CORPORATION,"
"Inc.," "Co.," "Corp," "Inc," "Co," or "Corp.")

(If name unavailable in Florida, enter alternate corporate name adopted for the purpose of transacting business in Florida)

2.   IL                                          3.   20-5592402

(State or country under the law of which it is incorporated)          (FEI number, if applicable)

4.   8/28/06                                     5.   Perpetual

(Date of incorporation)                          (Duration: Year corp. will cease to exist or "perpetual")

6.   upon qualification

(Date first transacted business in Florida, if prior to registration)
(SEE SECTIONS 607.1501 & 607.1502, F.S., to determine penalty liability)

7.   8700 Waukegan Rd., Ste. 104                     Morton Grove       IL    60053

(Principal office address)

(Current mailing address)

8.   Debt Collection

(Purpose(s) of corporation authorized in home state or country to be carried out in state of Florida)

9. Name and street address of Florida registered agent: (P.O. Box NOT acceptable)

Name:          Corporation Service Company

Office Address:   1201 Hays Street

Tallahassee                          , Florida   32301

(City)                                     (Zip code)

**10. Registered agent's acceptance:**
*Having been named as registered agent and to accept service of process for the above stated corporation at the place designated in this application, I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes relative to the proper and complete performance of my duties, and I am familiar with and accept the obligations of my position as registered agent.*

(Registered agent's signature)

11. Attached is a certificate of existence duly authenticated, not more than 90 days prior to delivery of this application to the Department of State, by the Secretary of State or other official having custody of corporate records in the jurisdiction under the law of which it is incorporated.

12. Names and business addresses of officers and/or directors:

**A. DIRECTORS**

Chairman: _____

Address: _____

_____

Vice Chairman: _____

Address: _____

_____

Director: Ashor Dekelaita

Address: 8700 Waukegan Road, Suite 104

Morton Grove, IL 60053

Director: _____

Address: _____

_____

**B. OFFICERS**

President: Ashor Dekelaita

Address: 8700 Waukegan Road, Suite 104    Morton Grove, IL 60053

Vice President: George Ihana

Address: 8700 Waukegan Road, Suite 104

Morton Grove, IL 60053

Secretary: Vice President / Ninos Dekelaita

Address: 8700 Waukegan Road, Suite 104    Morton Grove, IL 60053

Treasurer: Basher Awdish

Address: 8700 Waukegan Road, Suite 104    Morton Grove, IL 60053

NOTE: If necessary, you may attach an addendum to the application listing additional officers and/or directors.

13. _____
(Signature of Director or Officer listed in number 12 of the application)

14. _____Ashor Dekelaita_____President_____
(Typed or printed name and capacity of person signing application)

File Number       6511-350-3



**STATE OF ILLINOIS**
**OFFICE OF**
**THE SECRETARY OF STATE**

FILED
07 APR 10 PM 2:29
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

## To all to whom these Presents Shall Come, Greeting:

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that

PRAXIS FINANCIAL SOLUTIONS, INCORPORATED, A DOMESTIC CORPORATION, INCORPORATED UNDER THE LAWS OF THIS STATE ON AUGUST 28, 2006, APPEARS TO HAVE COMPLIED WITH ALL THE PROVISIONS OF THE BUSINESS CORPORATION ACT OF THIS STATE RELATING TO THE PAYMENT OF FRANCHISE TAXES, AND AS OF THIS DATE, IS IN GOOD STANDING AS A DOMESTIC CORPORATION IN THE STATE OF ILLINOIS.



**In Testimony Whereof,** I hereto set my hand and cause to be affixed the Great Seal of the State of Illinois, this   30TH day of       MARCH       A.D.    2007

*Jesse White*

SECRETARY OF STATE

Authentication #: 0708902020
Authenticate at: http://www.cyberdriveillinois.com

# EXHIBIT "B"

Praxis Financial Solutions, Inc
7301 N. Lincoln Ave
Suite 220
Lincolnwood, IL 60712-1733



**PRAXIS**
**FINANCIAL SOLUTIONS**

OFFICE HOURS
| | |
|---|---|
| Monday - Thursday | 8AM - 8PM |
| Friday | 8AM - 5PM |
| Saturday | 8AM - 12PM |
| Toll Free Number | 866-611-3411 |
| Fax Number: | 847-679-7974 |

July 29 2014

Creditor: RAZOR CAPITAL II, LLC
Original Creditor: Credit One Bank, N.A./
Account #: 4447962143768137
Current Balance: $1,663.20

12437-8251

1█████3 - 13
KRYLYUK, VASIL
7514 ALMA ST
PHILADELPHIA PA  19111-3831

004402




**ACA**
INTERNATIONAL
The Association of Credit
and Collection Professionals

Dear Vasil,

Please contact our office to resolve this account. **See special offer below and reverse side for important information.**

Important notice required by law: this agency is engaged in the collection of debts. This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify us within 30 days after receiving this letter that you dispute the validity of the debt or any portion thereof, we will assume the debt is valid. If you notify us in writing within 30 days after receiving this notice that the debt or any portion thereof is disputed, we will obtain verification of debt or obtain a copy of a judgment and mail you a copy of such verification of judgment. Also, upon your written request within 30 days, we will provide you with the name and address of the original creditor if different from the current creditor.

If you are not disputing the validity of the debt, we have been authorized to offer you an opportunity to liquidate your indebtedness on your Credit One Bank, N.A./ account.

You actually owe: $1,663.20
Settlement amount: $665.28
Settlement Due: 09/19/2014

The settlement amount must be made in one payment and received in our office on or before 09/19/2014. Please note, we are not obligated to renew this offer. Upon receipt of the settlement amount, our client will notify the appropriate credit agencies that this account has been SETTLED IN FULL. Your acceptance of the offer(s) described above this letter prior to the expiration of the 30-day period for dispute will not extinguish your right to dispute all or part of the original debt.

Should you have any questions regarding your account, please feel free to contact me at 866-611-3411 Ext. 101

Sincerely,

Frank Lucci
Account Representative

---

**Please Detach and Return With Payment**
**or Pay using your Checking, Savings or by Credit Card on our secured web site www.Praxis-Financial.com**

1█████ - 13
KRYLYUK, VASIL
7514 ALMA ST
PHILADELPHIA PA  19111-3831

| IF PAYING BY VISA, MASTERCARD, DISCOVER OR AMERICAN EXPRESS, FILL OUT BELOW | | |
|---|---|---|
| ☐VISA  ☐MASTERCARD  ☐DISCOVER  ☐AMER. EXP. | | |
| CARD NUMBER | EXP. DATE | AMOUNT |
| | | |
| PRINT NAME | MUST INCLUDE 3 DIGIT SECURITY CODE FROM BACK OF CARD | |

Creditor: RAZOR CAPITAL II, LLC
Original Creditor: Credit One Bank, N.A./
Account #: 4447962143768137
Current Balance: $1,663.20
Settlement Amount: $665.28
Settlement Date: 09/19/2014

Praxis Financial Solutions, Inc
7301 N. Lincoln Ave
Suite 220
Lincolnwood, IL 60712-1733

12437-8251

28073014

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
DPCH

Praxis Financial Solutions, Inc
7301 N. Lincoln Ave
Suite 220
Lincolnwood, IL 60712-1733

**FIRST CLASS**

12437-8251

1 ███ 3 - 13
KRYLYUK, VASIL
7514 ALMA ST
PHILADELPHIA PA  19111-3831

ii6 FMCCNPi i9iii